**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2011

No. 10-50958
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO DEWAYNE SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-127-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Marco Dewayne Smith appeals the 80-month within-guidelines sentence imposed by the district court following his guilty plea conviction for possession with intent to distribute five grams or more of cocaine base. Because Smith objected that the sentence was greater than necessary to achieve the purposes of sentencing, he preserved the issue of the substantive reasonableness of the sentence for appellate review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50958

Smith asserts that the presumption of reasonableness should not apply to the sentence because U.S.S.G. § 2D1.1 was not empirically based.  Smith concedes that this  argument is foreclosed by *Mondragon-Santiago*, 564 F.3d at 361, and *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), but he raises the argument to preserve it for further review.

According to Smith, the district court should have imposed the 60-month mandatory minimum sentence in view of the great disparity between the guidelines ranges for powder cocaine and cocaine base and in view of the passage of the Fair Sentencing Act and the resulting guidelines amendments, even though these were not effective until after his sentencing.  He further argues that other mitigating factors warranted a below-guidelines sentence, including his mental health diagnosis as a paranoid schizophrenic and the traumas of his childhood.

The 80-month within-guidelines sentence imposed by the district court was substantively reasonable.  The district court considered counsel's arguments for a lesser sentence, as well as Smith's statements at sentencing, but ultimately determined that an 80-month within-guidelines sentence was reasonable based on its consideration of the guidelines and the 18 U.S.C. § 3553(a) factors.  Smith's arguments on appeal amount to nothing more than a request for this court to reweigh the § 3553(a) factors.  Smith's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  Therefore, Smith has not shown that his sentence was substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.